1  Todd M. Friedman (SBN 216752)
2  Adrian R. Bacon (SBN 280332)
   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
3  21550 Oxnard St., Suite 780
4  Woodland Hills, CA 91367
   Phone: 323-306-4234
5  Fax: 866-633-0228
6  tfriedman@toddflaw.com
   abacon@toddflaw.com
7
8  Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEANA RAMIREZ, | Case No. |
| Plaintiff, | COMPLAINT FOR: |
| vs. | 1. Violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; |
| U.S. ASSET MANAGEMENT, INC., and DOES 1 – 10, inclusive, | 2. Negligent violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. |
| Defendant. | 3. Willful violation of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. |
| | **Jury Trial Demanded** |

## Introduction

**1.** This case arises as a result of false, deceptive, and unfair debt-collection practices promulgated nationwide by Defendant, U.S. ASSET MANAGEMENT, INC. ("Defendant"), in its collection letter campaigns wherein Defendant misrepresents consumer and debtor rights.

**2.** In particular, Plaintiff, LEANA RAMIREZ ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that overshadow the disclosure requirements under Federal statutes and making material misrepresentations that are inconsistent with the disclosure requirements aforementioned in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a) & 1692g(b).

**3.** Plaintiff alleges that Defendant made such misrepresentations and omissions in its communications with Plaintiff in connection with the alleged debt described herein.

**4.** Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

**5.** Defendant's acts and omissions were intentional and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under Federal laws.

**6.** Thus, Plaintiff brings claims against Defendant under the Federal FDCPA which was enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e).

**7.** Ancillary to the claims above, Plaintiff further alleges claims for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq*. (hereinafter "TCPA")

///
///
///

**Jurisdiction and Venue**

8. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331.

9. Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

**The Parties**

10. Plaintiff is a natural person residing in Los Angeles County, State of California who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering her a "consumer" under the FDCPA, 15 U.S.C. §1692a(3).

11. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6.

12. Furthermore, Defendant is a third party debt collector and is not an officer or employee of a creditor attempting to collect a debt on behalf of the same. Therefore, Defendant is not covered by either subsections (A) or (B) of section (6) of § 1692a of the FDCPA.

13. The debt Defendant attempted to collect from Plaintiff qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5).

14. The above named Defendants, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious

names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

15. Plaintiff is informed and believes that at all relevant times, each and every Defendants was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## Factual Allegations

16. Within one (1) year preceding the filing of this lawsuit, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

17. Defendant mailed Plaintiff a collection letter dated January 25, 2019.

18. The alleged debt Defendant attempted to collect from Plaintiff is for $26,354.45 originating from College Loan Corp.

19. In the letter, Defendant represented to Plaintiff that Defendant has the right to seek collection of the alleged debt.

20. Furthermore, Defendant represented in the letter that they "will be sending your (Plaintiff's) account information to EOS CCA …for collection."

21. Nowhere does the collection letter provide Plaintiff notice that unless Plaintiff disputes the debt within thirty (30) days of the initial communication, Defendant will assume the debt's validity.

22. Nowhere does the collection letter provide Plaintiff notice that Defendant must verify the debt in writing if Plaintiff sends Defendant written notice of dispute within thirty (30) days of the initial communication.

23. Ultimately, these communications mislead Plaintiff as to the nature of her rights. Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

24. Furthermore, on or about March of 2019, Defendant called Plaintiff regarding an alleged debt owed.

25. Defendant called Plaintiff with such frequency and regularity that it constitutes harassment under the circumstances.

26. Defendant contacted Plaintiff at times known to be inconvenient for Plaintiff.

27. The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

28. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

29. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

30. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

31. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

    a. Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5)); and

    b. Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1)).

///
///

32. Defendant's conduct violated the TCPA by:

    a. using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

33. As a result of the above violations of the FDCPA, RFDCPA, and TCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

### First Cause of Action:

### Violation of the Fair Debt Collection Practices Act

34. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

35. A debt collector must make the disclosure required by FDCPA § 1692g(a)(3) which Defendant failed to do.

36. A debt collector must make the disclosure required by FDCPA § 1692g(a)(4) which Defendant failed to do.

37. A debt collector must not overshadow the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period, which Defendant in fact did.

38. A debt collector must not make representations to consumers or debtors during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(b).

39. As a direct proximate result of Defendant's conduct, Plaintiff suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3).

### Second Cause of Action: Negligent Violation Of
### The Telephone Consumer Protection Act

40. Plaintiff reincorporates by reference all of the preceding paragraphs.

41. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

42. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### Third Cause of Action: Willful Violation of
### The Telephone Consumer Protection Act

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully.

46. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

47. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

///

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

a. Declaratory judgment that Defendant's conduct violated the FDCPA;

b. For statutory damages of $1,000.00 for Plaintiff pursuant to 15 U.S.C. §1692k(a)(1);

c. Declaratory judgment that Defendant's conduct violated the TCPA;

d. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

e. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

f. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

g. For actual damages according to proof;

h. For reasonable attorneys' fees and costs of suit;

i. For prejudgment interest at the legal rate; and

j. For such further relief as this Court deems necessary, just, and proper.

## Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: July 10, 2020

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff